## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES HODGE d/b/a RIVERBEND TREE SERVICE and BAILEY WATSON,<br><br>    Defendants. | No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), files this Complaint for Declaratory Judgment against the Defendants, JAMES HODGE d/b/a RIVERBEND TREE SERVICE and BAILEY WATSON, and in support, states:

### GENERAL ALLEGATIONS

### NATURE OF ACTION

1. This is an action for declaratory relief under the Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*) and Rule 57 of the Federal Rules of Civil Procedure, to establish the absence of coverage and, consequently, no duty to defend or indemnify James Hodge d/b/a Riverbend Tree Service, under an insurance policy for an underlying lawsuit filed against James Hodge d/b/a Riverbend Tree Service for alleged bodily injuries sustained by Bailey Watson ("Watson") when James Hodge ("Hodge) ran over her with his truck and attached woodchipper on August 22, 2020.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is based upon 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of attorney's fees, interest, and costs.

-1-

3. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in the Complaint for Declaratory Judgment took place in this District, within Madison County, Illinois.

## THE PARTIES

4. Plaintiff Atain is, and at all times relevant hereto was, a corporation organized under the laws of the State of Michigan with its principal place of business in Michigan. Atain is a surplus lines insurance company under 215 ILCS 5/445 *et seq.* and issued an errors and omissions policy to James Hodge d/b/a Riverbend Tree Service.

5. Defendant Hodge is, and at all times relevant hereto was, an individual citizen of the State of Illinois, and owner of Riverbend Tree Service ("Riverbend"). The "d/b/a Riverbend Tree Services" is an unincorporated sole proprietorship, and therefore the "d/b/a Riverbend Tree Services" is a citizen of Illinois where Hodge is a citizen.

6. Defendant Watson is, and at all times relevant hereto was, an individual citizen of the State of Illinois. Watson is named as a defendant herein solely based on her status as plaintiff in the Underlying Lawsuit.

## THE UNDERLYING LAWSUIT

7. On March 17, 2021, Watson filed a lawsuit against James Hodge d/b/a Riverbend Tree Service in the Circuit Court of Madison County, Illinois, as Case No. 2021L 000339, seeking damages for bodily injuries she allegedly sustained when Hodge ran over her with his truck and/or attached woodchipper (hereinafter "the Underlying Lawsuit") (A copy of the Underlying Lawsuit Complaint is attached hereto and made a part hereof as **Exhibit "A"**).

8. Count I of the Underlying Lawsuit alleges negligence against Hodge in the operation of "his 1986 Ford F-150 truck" with attached woodchipper. (Ex. A, Count I, ¶ 5).

9. The Underlying Lawsuit Complaint alleges that Hodge was in the process of leaving property located at 27562 East Bluff Lane in Godfrey, Illinois to dump a load of tree limbs, tree trunks and other tree removal by-product due to his work efforts when he ran over Watson with the truck and/or woodchipper. (Ex. A, Count I, ¶¶ 5-6).

10. Count I references a duty owed by Hodge to operate his "vehicle and machinery" with reasonable care and caution. In violation of that duty, it is alleged that Hodge:

    a.    Failed to keep proper lookout;
    b.    Drove his vehicle at an excessive speed;
    c.    Failed to exercise proper control over the vehicle and its attached equipment; and/or
    d.    Failed to utilize suitable number of staff or employees for the task.

(Ex. A, Count I, ¶¶ 7-8).

11. Count II of the Underlying Lawsuit contains allegations of vicarious liability against Riverbend. (Ex. A, Count II).

12. The Underlying Lawsuit Complaint alleges that Hodge was acting within the scope of his employment and/or agency with Riverbend as owner and tree cutter, and that Riverbend is vicariously liable for his negligence in running over Bailey with the truck and/or woodchipper. (Ex. A, Count I, ¶¶ 10-11).

13. According to the police investigation of the subject incident, a copy of which is attached hereto and made a part hereof as **Exhibit "B"**, both Hodge and Watson had been working as part of his tree trimming business. After returning to their shared home located at 27562 East Bluff Lane in Godfrey, Illinois, Hodge decided to travel to St. Louis to unload the brush from the back of his truck—a "grain truck" style Chevrolet truck with attached Vermeer woodchipper. (Ex. B, p. 6).

14. Further, upon finding Watson injured on the ground, Hodge transported Watson in his personal vehicle to the hospital. (Ex. B, pp. 6-7).

15. The Police Report contains a photograph of the truck, which has a license plate bearing the number "17992 VJ." (Ex. B, pp. 3-5).

## PRE-SUIT CORRESPONDENCE

16. Prior to the Underlying Lawsuit being filed, Watson's counsel presented notice of the incident and attorneys' lien to Atain by mail dated February 4, 2021. (A copy of the February 4, 2021 correspondence is attached hereto and made a part hereof as **Exhibit "C"**).

17. Counsel sent further correspondence via email on February 16, 2021, making a claim for medical payments coverage under the Atain Policy. (A copy of the February 16, 2021 correspondence is attached hereto and made a part hereof as **Exhibit "D"**).

## THE ATAIN POLICY

18. Atain issued its Policy No. CIP401312 to James Hodge d/b/a Riverbend Tree Services for the policy period of April 20, 2020 to April 20, 2021 (hereinafter "the Atain Policy). (A copy of the Atain Policy is attached hereto and made a part hereof as **Exhibit "E"**).

19. The Policy includes an Errors and Omissions ("E&O") Coverage Part pursuant to Form No. AF 000 875, with limits of $1 million "each claim" and $2 million in the aggregate. (Ex. E, pp. 19-26).

20. The E&O Coverage Part includes the following provisions:

**ERRORS AND OMISSIONS COVERAGE PART**

\*   \*   \*

**SCHEDULE**

| Description of Services: |
| --- |
| TREE SERVICE REMOVAL AND TRIMMING |

\*      \*      \*

**SECTION I – COVERAGE**

**1.     Insuring Agreement**

    a.     We will pay those sums that the insured becomes legally obligated to pay as "damages" as a result of an "error or omission" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" for an "error or omission" to which this insurance does not apply….

**2.     Exclusions**

    This insurance does not apply to: ….

    **c.**     Injury arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto", or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

    **k.**     Injury to:

        **(1)**     An employee of the insured arising out of and in the course of employment by the insured, including wrongful termination….

    This exclusion applies:

(a)     Whether the insured may be liable as an employer or in any other capacity; and
(b)     To any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury….

    **p.**     Any claims covered under the Commercial General Liability or Liquor Liability Coverage Forms or any other coverages included in this policy….

**SECTION II – WHO IS AN INSURED**

If you are designed in the Declarations as:

**1.**     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner….

**SECTION IV – COVERAGE PART CONDITIONS**….

**4.** **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover, our obligations are limited as follows: ….

**b.** Excess Insurance

This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis that is valid and collectible insurance available to you under any other policy.

When this insurance is excess, we have no duty to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against those other insurers.

When this insurance is excess over other insurance, we will pay only the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all other insurance. If a loss occurs involving two or more policies, each of which states that its insurance will be excess, then our policy will contribute on a pro rata basis….

**SECTION VI – DEFINITIONS**

**1.** "Auto" means a land motor vehicle, trailer or semi-trailer designated for travel on public roads, including any attached machinery or equipment….

**3.** "Damages" means monetary judgments, awards or settlements the insured is legally obligated to pay as a result of an 'error or omission' to which this insurance applies. "Damages" shall not include:

**a.** Amounts paid to you as fees or expenses for services performed which are to be reimbursed or discharged as a part of the judgment or settlement; or

**b.** Judgments or awards arising from acts deemed uninsurable by law.

**4.** "Error or omission" means any negligent act, error or omission while performing those services described in the Schedule of this Coverage Form under the Description of Services….

21. The Policy also includes a Commercial General Liability ("CGL") Coverage Part pursuant to Form No. CG 00 01 04 13, with a $1 million each "occurrence" limit, a $2 million general aggregate limit with respect to "bodily injury" coverage, as well as a medical expense limit of $5,000. (Ex. E, pp. 13, 58-73).

22. The Form of business on the Atain Policy is "Individual," and the Business Description is "Tree Service Removal and Trimming".

23. The CGL Coverage Part contains the following relevant provisions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damages" to which this insurance does not apply….

2. **Exclusions**

    This insurance does not apply to: ….

    **h.** **Mobile Equipment**

    "Bodily injury" or "property damage" arising out of:

    **(1)**  The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured….

## COVERAGE C – MEDICAL PAYMENTS

1.  **Insuring Agreement**

  **a.**  We will pay medical expenses as described below for "bodily injury" caused by an accident:

    **(1)**  On premises you own or rent;

    **(2)**  On ways next to premises you own or rent;

    **(3)**  Because of your operations;

  Provided that:

    **(a)**  The accident takes place in the "coverage territory" and during the policy period;

    **(b)**  The expenses are incurred and reported to use within one year of the date of the accident; and

    **(c)**  The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require….

  2.  **Exclusions**

We will not pay expenses for "bodily injury": ….

  **c.**  **Injury On Normally Occupied Premises**

    To a person injured on that part of premises you own or rent that the person normally occupies….

  **g.**  **Coverage A Exclusions**

    Excluded under Coverage **A**….

## SECTION II – WHO IS AN INSURED

  1.  If you are designated in the Declarations as:

      **a.**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner….

**SECTION V – DEFINITIONS….**

    **2.**    "Auto" means:

      **a.**    A land motor vehicle trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

      **b.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged….

    **12.**    "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

      **a.**    Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads; ….

      **f.**    Vehicles not described in Paragraph **a.**, **b.**, **c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo….

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos"….

    24.    The CGL Coverage Part also includes Form No. AF000839, titled "Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers Or Volunteers" (hereinafter "the Employers' Liability Exclusion), which provides, in relevant part, as follows:

    I.    Exclusion **e.**, **Employers' Liability in Part 2, Exclusions of SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGES LIABILITY** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** is replaced by the following:

      **e.**    Employer's Liability

1. 'Bodily injury' to an 'employee', subcontractor, employee of any subcontractor, 'independent contractor' employee of any 'independent contractor', 'temporary worker', 'leased worker', volunteer of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

2. Any obligation of any insured to indemnify or contribute with another because of damages arising out of 'bodily injury' to an 'employee', subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'temporary worker', 'leased worker', volunteer of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;

3. 'Bodily injury' sustained by the spouse, parent, brother, sister, companion or offspring of an 'employee, subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'temporary worker', 'leased worker', volunteer of any insured or any person performing work or services for any insured as a consequence of 'bodily injury' to such an 'employee', subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'temporary worker', 'leased worker', volunteer or any person performing work or services for any insured in the course of his employment by or service to any insured; or

4. Contractual liability as defined in Section I – Exclusions, item 2 b. of the Owners and Contractors Protective Liability coverage Form CG 0009.

For purposes of this endorsement, 'independent contractor' means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. 'Independent contractor' includes, but is not limited to, subcontractors and any employees of any subcontractor, any employee of an independent contractor, any 'employees' of any insured, agents, representatives,

volunteers, spouses, family members of any insured or any Additional Insureds added to this policy.

For the purposes of this endorsement, 'Employee' is defined as follows:

'Employee' includes a 'leased worker.'

This exclusion applies to all causes of action arising out of 'bodily injury' to any 'employee', subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'temporary worker', 'leased worker', volunteer or any person performing work or services for any insured by any person or organization for damages because of 'bodily injury', including care and loss of services.

When there is no coverage for any one insured under this endorsement, coverage is also excluded for any other insured (and SECTION IV. 11.b. of Owners and Contractors Protective Liability Coverage Form CG0009 shall not apply).

25. The CGL Coverage Part further includes Form No. AF000899 03-14, titled "Amendment – Aircraft, Auto Or Watercraft Exclusion" (hereinafter the "Auto Exclusion"), which provides in relevant part:

> **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, paragraph **(g.) Aircraft, Auto Or Watercraft** is deleted and replaced with the following:
>
> g. **Aircraft, Auto Or Watercraft**
>
> This insurance does not apply to: ….
>
> **(2)** "Bodily injury" or "property damage" arising out of or in connection with any "auto" unless as outlined below….
>
> This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto" or watercraft, whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed or entrusted to others or provided to another by any insured.
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, entrustment, permitting, training or monitoring of others by an insured.

    This exclusion applies even if the claims against any insured allege direct or vicarious liability….

26. The CGL Coverage Part further includes an endorsement titled, "Combined Coverage and Exclusion Endorsement, Form No. AF 001 007 06/2017 (hereinafter "the Professional Liability Exclusion"), which provides in relevant part, as follows:

  VI. **PROFESSIONAL SERVICES EXCLUSION**

    The following exclusion is added to Part **2. Exclusions** of **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Part **2. Exclusions** of **COVERAGE B PERSONAL AND ADVIERTISING INJURY LIABILITY** of the **COMMERCIAL GENERAL LIABILITY FORM:**

    This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability demand or cause of action arising, in whole or part, out of any claim involving the rendering or failure to render any "professional service."

    Further, when any insured has purchased or obtained errors and/or omissions coverage or any other type of professional insurance coverage and the claim, in any way arises, in whole or part, out of the services performed by any insured, there shall be no duty to defend or indemnify under this policy. Whether or not such E&O or any other professional coverage has been purchased or obtained, however, the first paragraph of this exclusion remains in full force and effect.

    "Professional Service" includes, but is not limited to, any of the following: (1) accountant; (2) architect; (3) engineer; (4) insurance agent or broker; (5) lawyer; (6) any medical professional; (7) real estate agent or broker; (8) surveyor; (9) health inspector; (10) safety inspector; (11) any service where an insured is retained or asked to render an opinion, written or verbal, to a third-party; or (12) any other service that is of a professional nature, regardless of whether a license or certification is required….

27. The Combined Coverage and Exclusion Endorsement, further amends the CGL Policy's Other Insurance Provision, which provides in relevant part:

  XII. **AMENDMENT OF OTHER INSURANCE ENDORSEMENT**

It is agreed that **Section IV – Commercial General Liability Conditions**, Paragraph 4. is replaced in its entirety with the following:

This insurance is excess over any other insurance whether primary, excess, contingent or on any other basis that is available to any insured. You are required to give notice of claim to all "potential insurers" within thirty days of giving notice of claim to us.

We have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to your rights against all those other insurers.

We will pay only our share of the amount of loss, if any, that exceeds the sum of:

The total amount that all such other insurance would pay for the loss in absence of this insurance; and The total of all deductibles and self-insurance amounts under such insurance.

"Potential insurers" means all insurance companies who may be obligated to defend any insured as either a named insured or an additional insured.

### **COUNT I – NO COVERAGE UNDER E&O COVERAGE PART**

28. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 27 of the General Allegations of this Complaint for Declaratory Judgment as if alleged in this Paragraph 28.

29. The E&O Coverage Part generally provides coverage for "damages" as a result of an "error or omission" to which the Atain Policy applies.

30. "Error or omission" is defined as "any negligent act, error or omission while performing those services described in the Schedule of this Coverage Form under the Description of Services."

31. The Schedule lists the "Description of Services" as "Tree Service Removal and Trimming."

32. "Damages" are defined as "monetary judgments, awards or settlements the insured is legally obligated to pay as a result of an 'error or omission' to which this insurance applies.

33. To the extent the Underlying Lawsuit is not regarding conduct that constitutes "damages" as a result of an "error or omission" no coverage would be provided under the E&O Coverage Part.

34. Also, the vehicle and attached woodchipper that allegedly struck Watson causing her injuries qualifies as an "auto" under the Atain Policy because it is a land motor vehicle for travel on public roads with attached machinery or equipment.

35. Specifically, the license plate issued on the truck confirms that it was registered under Illinois law as a farm truck pursuant to the "VJ" designation, subject to compulsory insurance laws, and was going to be used to haul brush from one town to St. Louis over public roads.

36. Accordingly, additionally/alternatively, James Hodge d/b/a Riverbend Tree Services is not entitled to coverage in connection with the Underlying Lawsuit because coverage is precluded pursuant to the E&O Policy Coverage Part's Auto Exclusion.

37. The E&O Coverage Part further contains additional provisions that apply to limit or exclude coverage for the Underlying Lawsuit including the Other Insurance Provision.

38. As such, additionally/alternatively, Atain has no obligation to defend or indemnify James Hodge d/b/a Riverbend Tree Service for the Underlying Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

(b)      Find and declare that Atain has no obligation to defend or indemnify James Hodge d/b/a Riverbend Tree Services in connection with the Underlying Lawsuit;

(c)      Grant such other and further relief as it deems just and proper.

## **COUNT II – NO COVERAGE UNDER CGL COVERAGE PART**

39. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 27 of the General Allegations of the Complaint for Declaratory Judgment as if alleged in this Paragraph 39.

40. The vehicle and attached woodchipper that allegedly struck Watson causing her injuries qualifies as an "auto" under the Policy because it is a land motor vehicle for travel on public roads with attached machinery or equipment.

41. Specifically, the license plate issued on the truck confirms that it was registered under Illinois law as a farm truck pursuant to the "VJ" designation, subject to compulsory insurance laws, and was going to be used to haul brush from one town to St. Louis over public roads.

42. Accordingly, James Hodge d/b/a Riverbend Tree Services is not entitled to coverage in connection with the Underlying Lawsuit because coverage is precluded pursuant to the CGL Coverage Part's Auto Exclusion.

43. The CGL Coverage Part further contains additional provisions that apply to limit or exclude coverage for the Underlying Lawsuit including the Professional Services Exclusion, Mobile Equipment Exclusion, Employer's Liability Exclusion, and Other Insurance Provision.

44. As such, additionally/alternatively, Atain has no obligation to defend or indemnify James Hodge d/b/a Riverbend Tree Service for the Underlying Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

    (a)    Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

    (b)    Find and declare that Atain has no obligation to defend or indemnify James Hodge d/b/a Riverbend Tree Services in connection with the Underlying Lawsuit;

    (c)    Grant such other and further relief as it deems just and proper.

## COUNT III- NO MEDICAL PAYMENTS COVERAGE

45.    Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 27 of the General Allegations of this Complaint for Declaratory Judgment as if alleged in this Paragraph 45.

46.    Watson's counsel has asserted coverage should apply for medical payments coverage under the Atain Policy.

47.    Pursuant to Coverage C of the CGL Coverage Part, Atain will pay medical expenses for "bodily injury" caused by an accident on premises James Hodge d/b/a Riverbend Tree Services owns or rents, on ways next to premises James Hodge d/b/a Riverbend Tree Services owns or rents, or because of James Hodge d/b/a Riverbend Tree Services' operations provided that certain conditions are met.

48.    Atain will not pay expenses for, among other things, "bodily injury" to a person injured on that part of premises James Hodge d/b/a Riverbend Tree Services' owns or rents that the person normally occupies (Exclusion c.), or for any "bodily injury" excluded under Coverage A (Exclusion g.).

49.    The Police Report states that both Hodge and Watson lived at the 27562 East Bluff Lane residence at the time of the August 22, 2020 incident.

50.    As alleged above, various exclusions contained in the CGL Coverage Part A are applicable to preclude coverage for the Underlying Lawsuit.

51.     Accordingly, Atain has no obligation to provide medical payments coverage under Coverage C of the CGL Coverage Part in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, respectfully requests that this Court:

(a) Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Atain Policy;

(b) Find and declare that Atain has no obligation to provide medical payments coverage in connection with the Underlying Lawsuit;

(c) Grant such other and further relief as it deems just and proper.

Dated: April 26, 2021

Respectfully submitted:

**ATAIN SPECIALTY INSURANCE COMPANY**

*/s/ David T. Brown*
One of its Attorneys

David T. Brown (ARDC #6277185)
Jamie L. Hull (ARDC #6273814)
Kaufman Dolowich & Voluck, LLP
135 S. LaSalle Street, Suite 2100
Chicago, IL 60603
T: (312) 759-1400
F: (312) 759-0402
E: dbrown@kdvlaw.com
E: jhull@kdvlaw.com

4849-3630-6148, v. 1