Case 3:21-cv-00415-JPG   Document 1-1   Filed 04/26/21   Page 1 of 4   Page ID #18   ***EFILED***
Case Number 2021L 000339
Date: 3/17/2021 9:47 AM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**EXHIBIT A**

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## COUNTY OF MADISON

| | |
|---|---|
| BAILEY WATSON, ) | |
| ) | |
| Plaintiff, ) | **2021L 000339** |
| ) | |
| vs. ) | No. 21-L- |
| ) | |
| JAMES HODGE d/b/a RIVERBEND ) | |
| TREE SERVICE, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

Plaintiff, Bailey Watson, by her attorney, Darr Law Offices, Ltd., complains of the defendant, James Hodges d/b/a Riverbend Tree Service, as follows:

### COUNT I

1. Plaintiff, Bailey Watson (hereinafter "Watson"), is a resident and citizen of the City of Alton, County of Madison, State of Illinois.

2. Defendant, James Hodge, is a resident and citizen of the Village of Godfrey, County of Madison, State of Illinois. He operates a tree removal and trimming business known as Riverbend Tree Service.

3. Riverbend Tree Service is upon information and belief, an unincorporated business entity owned and operated by James Hodge and also located in Alton, Illinois.

4. At all times mentioned herein, the defendant, James Hodge, was acting in furtherance of his business interest and as the owner and operator of Riverbend Tree Service.

**EXHIBIT A**

*EXHIBIT A*

5. On August 22, 2020, James Hodge was driving his 1986 Ford F-150 truck with woodchipper attached. Hodge was in the process of leaving property located at 27562 East Bluff Lane in the Village of Godfrey, County of Madison, State of Illinois to dump a load of tree limbs, tree trunks and other tree removal by-product due to his work efforts.

6. At the aforesaid time and place the plaintiff, Bailey Watson, was a pedestrian walking near the defendant's vehicle when the defendant's truck and/or wood chipper struck her, knocked her to the ground and traversed over her body.

7. That at all times mentioned herein, defendant owed a duty to operate his (its) vehicle and machinery with reasonable care and caution.

8. That the defendant breached the duty to use care and caution and was then and there guilty of one or more of the following negligent acts or omissions:

   a) failed to keep proper lookout; and/or

   b) drove his vehicle at an excessive speed; and/or

   c) failed to exercise proper control over the vehicle and its attached equipment; and/or

   d) failed to utilize suitable number of staff or employees for the task.

9. That one or more of the foregoing negligent acts or omissions on the part of the defendant were a direct and proximate cause of plaintiff's injuries hereafter alleged.

10. That as a direct and proximate result of one or more of the negligent acts or omissions of the defendant, James Hodge d/b/a Riverbend Tree Service, plaintiff sustained injuries both temporary and permanent; that plaintiff has incurred and will continue to incur medical, doctor and hospital bills in an effort to be treated for her

*EXHIBIT A*

injuries; and that plaintiff is now prevented from attending her usual duties and affairs as had been able to do prior to this.

WHEREFORE, plaintiff, Bailey Watson, prays this court enter judgment in her favor and against the defendant, James Hodge d/b/a Riverbend Tree Service, in an amount *in excess* of Fifty Thousand Dollars ($50,000.00); plus costs of suit.

## COUNT II
### (Riverbend Tree Service – Vicarious Liability)

1.-10.  Plaintiff, Bailey Watson, alleges paragraph one (1) through ten (10) of Count I as paragraph one (1) through ten (10) of Count II as if fully set forth herein.

10. That at all times mentioned herein, Hodge, was acting within the scope of his employment and/or agency with Riverbend Tree Service as owner and tree cutter.

11. That Riverbend Tree Service is vicariously liable for the acts/omissions of James Hodge as previously alleged.

WHEREFORE, plaintiff, Bailey Watson, prays this court enter judgment in her favor and against defendant, Riverbend Tree Service, in an amount greater than Fifty Thousand Dollars ($50,000.00); plus costs of suit.

Bailey Watson, Plaintiff

By: /s/Lanny Darr
Lanny Darr     (#06205283)
Darr Law Offices, Ltd.
307 Henry Street, Suite 406
Alton, IL  62002
Phone:  (618) 208-6828
Fax:  (618) 433-8519
darr@darrfirm.com

Page 3 of 4

*EXHIBIT A*

**EXHIBIT A**

Service by facsimile transmission
or via email will be accepted at the
stated facsimile and/or email
stated above.

**EXHIBIT A**