IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 3:21-cv-00415-JPG |
| JAMES HODGE d/b/a RIVERBEND TREE SERVICE and BAILEY WATSON, | ) ) ) ) | |
| Defendants. | ) ) | **Consolidated with**: |
| BAILEY WATSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 3:21-cv-01259-JPG |
| JAMES HODGE, d/b/a RIVERBEND TREE SERVICE, | ) ) ) | |
| and | ) ) | |
| ATAIN SPECIALITY INSURANCE COMPANY, | ) ) ) ) | |
| Garnishee. | ) | |

## **MEMORANDUM AND ORDER**

### I.    **Motion to Consolidate**

This matter comes before the court on Atain Specialty Insurance ("Atain") Motion to Consolidate pursuant to Fed. R. Civ. P. 42 (Doc. 2). On April 26, 2021, Atain filed a Complaint for Declaratory Judgment against James Hodge d/b/a Riverbend Tree Service and Bailey Watson (*Atain Specialty Insurance Company v. Hodge et al*, Case No. 21-cv-00415-JPG).

In state court in Madison County, Illinois, Bailey Watson ("Watson") commenced a suit

against James Hodge d/b/a Riverbend Tree Service ("Riverbend") for injuries related to a wood chipper machine. Riverbend defaulted in the lawsuit and judgment was entered. On September 13, 2021, Watson initiated a petition for garnishment against Atain, which insured Riverbend. On October 13, 2021, Atain removed an action from Madison County Circuit Court to federal court in the Southern District of Illinois (*Watson v. Hodge*, Case No. 21-cv-01259-JPG).

Federal Rule of Civil Procedure 42(a) grants federal district courts the authority and discretion to consolidate related actions for greater efficiency. The Rule states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts should consolidate related actions when possible to promote judicial economy, as long as the consolidation does not unduly prejudice any party. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

Here, the Court is comfortable finding that both cases involve a "common question of law or fact." The Court finds that garnishment proceedings will be identical to the coverage issues. Additionally, the issue of whether coverage is available under Atain's insurance policy is the issue with both cases. Thus, in the interests of judicial economy and pursuant to Rule 42(a), the Court hereby C**ONSOLIDATES** *Atain Specialty Insurance Company v. Hodge et al* (Case No. 21-cv-00415-JPG) with *Watson v. Hodge* (Case No. 21-cv-01259-JPG).  All future filing shall bear the consolidated caption used in this order and shall be filed only in *Atain Specialty Insurance Company v. Hodge et al*, Case No. 21-cv-00415-JPG).  The Court will strike any filings in Case . 21-cv-01259-JPG subsequent to this order.

The Clerk of Court is **DIRECTED** to **CONSOLIDATE** these cases and to file a copy of

this Order in both cases.

### II.    Motion to Remand

Before this Court is also Plaintiff's Motion to Remand (Doc. 14). Plaintiff states that because Watson and Hodge are both citizens of Illinois, complete diversity does not exist to confer this court subject matter jurisdiction. Atain states, that under a proper re-alignment of parties, there is complete diversity to sue in federal court. Specifically, Atain states that the only matter to resolve is whether Atain must satisfy Watson's judgment. (Doc. 16, p. 6). Atain states Watson and Riverbend are aligned against Atain in seeking to procure such insurance coverage" and thus, subject matter jurisdiction exists.

As such, there can only be subject matter jurisdiction in this case under a proper alignment of the parties. However, although the parties address the issue of realignment in their briefing, this matter is not before the Court on a Motion to Re-Align the parties. The Court will provide Atain 14 days to file a Motion for Re-alignment, if that is the remedy that Atain requests. Watson and Hodge will be given 14 days response from filing of the motion. If Atain does not wish to file a Motion for Re-alignment, the Court will rule on the Motion to Remand.

### III.    Conclusion

The Court hereby:

- **GRANTS** Atain's Motion to Consolidate (Doc 2 in Case No. 21-cv-01259-JPG);

- C**ONSOLIDATES** *Atain Specialty Insurance Company v. Hodge et al* (Case No. 21-cv-00415-JPG) with *Watson v. Hodge* (Case No. 21-cv-01259-JPG).   All future filing shall bear the consolidated caption used in this order and shall be filed only in *Atain Specialty Insurance Company v. Hodge et al*, Case No. 21-cv-00415-JPG;

- **ORDERS** that Atain has until March 23, 2022, to file a Motion to Realign the parties.

Watson and Hodge will have 14 days after filing of that motion to respond.

**IT IS SO ORDERED.**
**DATED: March 9, 2021**

                                                         <u>/s J. Phil Gilbert</u>
                                                       **J. PHIL GILBERT**
                                                       **UNITED STATES DISTRICT JUDGE**