IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>and JAMES HODGE d/b/a RIVERBEND TREE SERVICE, BAILEY WATSON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:21-cv-00415-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Consolidated with**: |
| BAILEY WATSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES HODGE, d/b/a RIVERBEND TREE SERVICE,<br><br>and<br><br>ATAIN SPECIALITY INSURANCE COMPANY,<br><br>    Garnishee. | )<br>)<br>)<br>)<br>)<br>)  Case No. 3:21-cv-01259-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Proposed intervenors Angela Clontz, Community and Family Affinity Services, Inc., a Colorado corporation, d/b/a Lewis and Clark Insurance Agency, Inc., and d/b/a Equity Insurance Group ("Intervenors"), Amended Motion for Leave to Intervene (Doc. 55). Plaintiff/Garnishee Atain Specialty Insurance Company ("Atain") opposes the motion. (Doc. 57). Intervenors have filed a reply. (Doc. 59). The Court held a hearing on the

1

issues. For these reasons, the Court GRANTS Intervenors Amended Motion to Intervene.

**I.      Background**

This case requires background, which has been recently summarized in this Court's August 1, 2022 order. (Memorandum & Order, Doc. 60). This action involves two consolidated federal cases that arise out of the same state court underlying lawsuit. In the underlying lawsuit in Madison County, Bailey Watson ("Watson") filed an action against James Hodge d/b/a Riverbend for injuries related to a woodchipper. Hodge defaulted in that lawsuit and a $7 million judgment was entered against Hodge on August 6, 2021.

During that time before Hodge defaulted, Atain filed a declaratory judgment action with this Court on April 2021, requesting that they had no duty to defend or indemnify Riverbend for the $7 million judgment. After judgment was entered in the state court action in August 2021, Watson filed a garnishment proceeding in Madison County requesting Atain, insurer of Riverbend, satisfy the $7 million judgment. This Court consolidated both the garnishment proceeding and the declaratory judgment action.

On March 11, 2022, Watson filed a separate lawsuit in Madison County against Intervenors, which is a failure to procure claim. Watson alleges that Intervenors, insurance agents for Riverbend, negligently and/or breached contract for failure to obtain appropriate insurance coverage for Hodge d/b/a Riverbend.

Coming back to federal court, Atain has filed a motion for summary judgment. Intervenors now request intervention as of right or alternatively permissive intervention under Fed. R. Civ. P. 24(a) or 24(b), respectively. The Court addresses the substance of that motion.

**II.     Law & Analysis**

To intervene in a federal lawsuit under Federal Rule of Civil Procedure 24(a)(2), a

proposed intervenor needs to meet four elements: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." *Illinois v. City of Chicago*, 912 F.3d 979, 984 (7th Cir.), cert denied, 140 S.Ct. 82, 205 L.Ed.2d 30, 2019 WL 4921330 (2019). A party granted leave to intervene as of right under this rule has the "full rights of a party." *See Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006). The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny the motion. *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001).

Atain first argues that Intervenors' application is untimely. Courts in the Seventh Circuit must examine the following factors to determine whether a motion to intervene is timely: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; (4) any other unusual circumstances. *Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir.1991) (citing *South v. Rowe*, 759 F.2d 610, 612 (7th Cir.1985)).

Intervenors allegedly knew of this action since April 27, 2021, when they were copied on an email after the declaratory judgment action was filed. Intervenors argue that the meaningful date to determine timelines s is June 20, 2022, when Atain filed its summary judgment motion. (Doc. 59 at 2). Intervenors state it was that motion that "brought the coverage issue to a head and required a substantive response." *Id*. Here, the Court agrees. This case and all its moving parts have resulted in complicated proceedings. The Intervenors are requesting to intervene to file a response to summary judgment and proceeding to file their motion as soon as such a motion was filed. Additionally, the Court finds an additional few weeks will not prejudice Atain.

Additionally, at the hearing, the Court has provided the parties limited additional time to engage in discovery, and therefore, the prejudice on Atain will be *de minimus*.

Next, Atain argues that Intervenors do not have a direct interest in the litigation. (Doc. 57 at 6-7). Atain argues that Intervenors "are neither judgment creditors against Hodge, nor are they parties to the insurance contract." *Id*. Intervenors argue that, while that may be true, they are "parties in the nature of garnishees from whom Watson seeks to recover in state court based on her nearly $7 million personal injury judgment against Hodge" and therefore their interest arises because "both the instant lawsuit brought against Watson and Watson's state court lawsuit…present the same question of coverage under the Atain policy." (Doc. 59 at 3). It is something more than a mere "betting" interest (*Reich v. ABC/York Estes Corp.*, 64 F.3d 316 (7th Cir.1995)), but less than a property right (*United States v. City of Chicago*, 870 F.2d 1256, 1260 (7th Cir. 1989)). Such an interest must be "direct, significant, legally protectable." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). Here, the Court believes Intervenors have satisfied such an interest. The Court believes Intervenors have a significant interest in the litigation. Depending on the preclusive effect of this Court's decision, finding coverage or no coverage would impact whether Intervenors breached a contract for failure to obtain appropriate insurance coverage for Hodge d/b/a Riverbend. The Court finds that while these proceedings are not *parallel*, there is consistency in resolving these issues in a single proceeding and denial of intervention could create conflicting results. *Id*. at 1381.

Atain next argues that the Intervenors' interests are well represented by Hodge and Watson. The Seventh Circuit has held that adequacy of representation under Rule 24 is a liberal one. "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 799

(7th Cir. 2019) (citations omitted). The Seventh Circuit has held there is a "rebuttable presumption of adequate representation that requires a showing of 'some conflict' to warrant intervention. *Id*. Here, the Court finds that Intervenors have met this liberal burden where it is concerned that while Watson is adverse to Intervenors in state court and therefore is adverse in other lawsuits. Intervenors argue that they "cannot rely on Watson to make the kids of arguments necessary for an effective resolution of the coverage issues." (Doc. 59 at 4). The Court finds that Intervenors meet this standard to show Watson's representation of the coverage issues, and notes their concern Watson may use it adversely in the state court action. The Court finds that Intervenors meet the elements to intervene under Rule 24(a)(2).

Rule 24(b)(2) states that permissive intervention may be allowed "when an applicant's claim or defense and the main action have a question of law or fact in common." The rule goes on to note that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *Schipporeit, Inc*., 69 F.3d at 1381. However, finding that there is intervention as of right under Rule 24(a)(2), the Court need not address permissive intervention.

### III.   Conclusion

The Court hereby **FINDS AS MOOT** Intervenor's Initial Motion for Leave to Intervene (Doc. 51), and **GRANTS** Intervenor's Amended Motion for Leave to Intervene (Doc. 55).

**IT IS SO ORDERED.**
**Dated: September 21, 2022**

/s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE